MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
DAVID B.RAO, #103147
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email: julie@bindermalter.com
Email: david@bindermalter.com

Attorneys for Plaintiff
Katayoon Farrokhzadi

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re:<br><br>FARBOD DINYARI,<br><br>　　　　　　　　　Debtor.<br><br>KATAYOON FARROKHZADI,<br>　　　　　　　　　Plaintiff,<br>v.<br>FARBOD DINYARI,<br>　　　　　　　　　Defendant. | Case No.: 13-51088-SLJ<br><br>Chapter 7<br><br><br>Adv. Proceeding No.: 13-5077-SLJ |

**AMENDED COMPLAINT**
**TO DETERMINE DISCHARGEABILITY OF DEBT**
**(11 U.S.C. §§523(a)(4),(a)(6), (a)(5) and (a)(15))**

COMES NOW Plaintiff Katayoon Farrokhzadi ("Plaintiff"), who alleges and complains of Defendant Farbod Dinyari ("Defendant") as follows:

<u>GENERAL ALLEGATIONS</u>

1.  This complaint initiates an adversary proceeding as contemplated in Fed.R.Bank. P. 7001.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§157 and 1334 and 11 U.S.C. §523.  Venue is proper in this Court pursuant to 28 U.S.C. §1409 by virtue of the Chapter 7 case presently pending before the United States Bankruptcy Court for the Northern District of California, Division 5, entitled In re Farbod Dinyari, Bankruptcy Case No. 13-51088-SLJ (the "Bankruptcy Case"), filed on February 27, 2013 (the "Petition Date") by Defendant.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4. Plaintiff is a creditor of Defendant and has standing to bring this action pursuant to 11 U.S.C. §523(a) and Fed.R.Bank. P. 4007.

5. Plaintiff and Defendant are parties to a pending dissolution of marriage case in the Santa Clara County Family Superior Court, case no. 1-10-FL-154481, entitled In re the Marriage of Farbod Dinyari and Katayoon Dinyari (referred to herein as the "Family Law Proceeding").

6. In the Family Law Proceeding, the Court has ordered Defendant to pay Plaintiff spousal support and child support for the parties' two children on an interim basis in an amount currently set at $4,491.00 per month, subject to a final judgment for spousal support and child support.  As of the date of this Complaint, Defendant owed Plaintiff unpaid child support and spousal support totaling $36,953.31.

7. In the Family Law Proceeding, Defendant has also been ordered to pay one-half of the parties' children's uninsured medical and dental expenses, educational tutors, school activities and after school activities in which both parties mutually agree the children may participate.  As of the date of this Complaint, Defendant owes Plaintiff for his share of uninsured medical and dental expenses incurred by the parties' children in an amount according to proof at trial and unpaid sums for educational tutors, school activities, and after school activities in the approximate sum of $9,602.00, subject to proof at trial, and approximately $6,000.00 for Plaintiff's out-of-pocket costs incurred when Defendant cancelled Plaintiff's health insurance, subject to proof at trial.

8. Issues relating to (a) final child and spousal support, (b) contempt and

sanctions, (c) allocation and payment of attorneys' fees and costs, (d) confirmation and division of the parties' separate and community property, (e) discovery and valuation of the parties' community property, (f) confirmation and allocation of the parties' separate and community debts, (g) hold harmless and indemnity orders concerning the parties' separate and community debts, (h) and breach of fiduciary duty by Defendant and the joinder of third parties, either are pending or may arise to be adjudicated in the Family Law Proceeding.

## FIRST CLAIM FOR RELIEF
## (11 U.S.C. §523(a)(4))

9. Plaintiff incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

10. The California Family Code and California case law impose a fiduciary duty upon spouses and former spouses with regard to community property within the meaning of 11 U.S.C. §523(a)(4). *In re Stanifer,* 236 B.R. 709, 719 (9th Cir. B.A.P. 1999).

11. Plaintiff is informed and believes and thereon alleges that between 2009 and 2012, Defendant willfully transferred the assets of the business known as Dinyari, Inc., a business in which Plaintiff owns a community property interest, including but not limited to the stock of Dinyari, Inc. and its accounts receivable, customer list, and work in process, to one or more businesses started by Defendant known as Dinyari Construction, Inc., Total Re Roofing Solutions, and/or Bay Quality Construction, Inc.

12. In committing the acts alleged herein, Defendant acted with a reckless or conscious disregard for his fiduciary duty to Plaintiff or, alternately, Defendant was willfully blind to a substantial and unjustifiable risk that his conduct would violate his fiduciary duty to Plaintiff. *Bullock v. BankChampaign,* 133 S.Ct. 1754 (2013).

13. As a result of Defendant's actions, Plaintiff has been damaged in an amount according to proof at trial.

14. The debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(6))

15. Plaintiff incorporates by reference paragraphs 1 through 8 and 10 through 12 above as though fully set forth herein.

16. As a result of Defendant's actions, Plaintiff's community property interests in both the stock of Dinyari, Inc. and the assets of Dinyari, Inc., including but not limited to accounts receivable, customer list, and work in process, have been damaged in an amount according to proof at trial.

17. The actions and conduct of Defendant, as hereinabove alleged, constitute oppression, fraud and/or malice in that Defendant's acts and conduct were intended by Defendant to cause injury to Plaintiff and/or were committed by Defendant with a willful and conscious disregard of the rights of Plaintiff, entitling her to an award of exemplary or punitive damages in an amount to be determined by the Court.

18. The debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(5))

19. Plaintiff incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

20. The obligations and debts that the Court in the Family Law Proceeding has ordered or may order Defendant to pay to Plaintiff as and for child support and spousal support and the obligations to pay for medical and dental expenses, tutors,

1  school activities and after school activities, and any similar obligations as well as
2  obligations to pay attorneys' fees that the Court in the Family Law Proceeding has
3  ordered or may order Defendant to pay to or for the benefit of Plaintiff constitute
4  domestic support obligations and are nondischargeable under 11 U.S.C. §523(a)(5).

5  WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set
6  forth.

## FOURTH CLAIM FOR RELIEF

(11 U.S.C. §523(a)(15))

9  21.  Plaintiff incorporates by reference paragraphs 1 through 8 above as
10  though fully set forth herein.

11  22.  All obligations and debts that the Court in the Family Law Proceeding has
12  ordered Defendant to pay to or for the benefit of Plaintiff or their children, or will order
13  Defendant to pay to or for the benefit of Plaintiff or their children, other than domestic
14  support obligations, and any hold harmless or indemnity orders that the Court in the
15  Family Law Proceeding has issued or may issue in favor of Plaintiff, were or will be
16  incurred in the course of a divorce or in connection with a divorce decree and are
17  nondischargeable under 11 U.S.C. §523(a)(15).

18  WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

19  A.  On the First Claim for Relief, that the Court determine that the debt,
20  according to proof, owed by Defendant to Plaintiff is nondischargeable and that Plaintiff
21  have judgment against Defendant for same.

22  B.  On the Second Claim for Relief, that the Court determine that the debt,
23  according to proof, owed by Defendant to Plaintiff is nondischargeable and that Plaintiff
24  have judgment against Defendant for same.

25  C.  On the Third Claim for Relief, that the Court determine that the debt,
26  according to proof but no less than $52,555.31, owed by Defendant to or for the benefit of
27  Plaintiff is nondischargeable and that Plaintiff have judgment against Defendant for same.

28  D.  On the Fourth Claim for Relief, that the Court determine that all debts,

according to proof, owed by Defendant to or for the benefit of Plaintiff or the parties' children are nondischargeable and that Plaintiff have judgment against Defendant for same.

E. For costs of suit and such other and further relief as the Court deems just.

Dated: August 5, 2013          BINDER & MALTER, LLP


By: /s/ David B. Rao
David B. Rao, Attorneys for
Katayoon Farrokhzadi

Farrokhzadi/plead/AMD.Complaint

**(PROPOSED) AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**(11 U.S.C. §§523(a)(4),(a)(6), (a)(5) and (a)(15))**                                    **PAGE 6**

Case: 13-05077   Doc# 15   Filed: 08/05/13   Entered: 08/05/13 10:15:35   Page 6 of 6